UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JAMES EFFIWATT,

      *Pro Se* Plaintiff,

    v.

BROOKLYN DISTRICT ATTORNEY; DAVID SALAMON; SHIFRA SALAMON; HUBBARD ESTATES LLC; JOHN DOE 1-2 DETECTIVES; DA OFFICE; JOHN AND JANE Doe 1-20,

      Defendants.

**MEMORANDUM AND ORDER**
23-CV-00145 (HG) (LB)

---

**HECTOR GONZALEZ**, United States District Judge:

    *Pro se* Plaintiff James Effiwatt first filed the instant action in the United States District Court for the Southern District of New York on December 29, 2022. Complaint, ECF No. 2 ("Compl."). On December 30, 2022, the Southern District transferred the action to this Court. ECF No. 3. Plaintiff's request to proceed *in forma pauperis* ("IFP"), ECF No. 1, is granted. For the reasons discussed below, Plaintiff's claims are dismissed. Plaintiff is, however, granted thirty days from the date of this Order to submit an amended complaint.

## BACKGROUND

    Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331. Liberally construed, Plaintiff's claim of federal question jurisdiction appears to be premised on a Section 1983 action, 42 U.S.C. § 1983 ("Section 1983"), against the Brooklyn District Attorney, unnamed Detectives, and private parties.

On January 4, 2022, Plaintiff was arrested at a home he claims he "lawfully" owns in Brooklyn, New York. Compl. at 3. Although unclear, Plaintiff avers that he is a secured party creditor to the home and cites to N.Y. U.C.C. § 9-609, "Secured Party's Right to Take Possession after Default" as the basis of his authority. *Id.* at 2. Plaintiff further asserts that at his arraignment, he "demanded" that the criminal court provide its "jurisdiction" as well as the "oath of office" from the Assistant District Attorney and the Public Defender. *Id*. at 4. Instead, Plaintiff was sent to Rikers Island. *Id*. Plaintiff seeks to have this Court restore Plaintiff as the lawful homeowner, and seeks monetary damages based on the terms of an alleged contract. *Id.*

## **LEGAL STANDARD**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). However, the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall

dismiss the case at any time if the court determines that . . . the [IFP] action or appeal . . . fails to state a claim upon which relief may be granted.").

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id*. However, the Court does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## DISCUSSION

### I. Younger Abstention

Therefore, to the extent that Plaintiff seeks this Court's intervention in his pending state court proceedings by requesting injunctive relief in the form of an order declaring him the rightful owner of the property that is the subject of his pending criminal charges, *see* Comp. at 4, the Court lacks jurisdiction to do so. In *Younger v. Harris*, the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. 401 U.S. 37 (1971); *see also Gibson v. Berryhill*, 411 U.S. 564, 573–74 (1973) (citing *Younger*, 401 U.S. 37). *Younger* abstention doctrine has been extended to civil actions. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from

taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

The *Younger* abstention doctrine is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013). The Court finds that an order declaring Plaintiff the rightful owner of the property that is the subject of his pending criminal charges would implicate Plaintiff's ongoing state criminal proceeding and any related civil proceedings "akin to criminal prosecutions," and thus that *Younger* abstention is appropriate in this circumstance.

Plaintiff has also alleged no plausible facts demonstrating bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceedings. *Sprint*, 571 U.S. at 72–73. The Court will, therefore, not intervene in Plaintiff's ongoing state-court proceedings and denies his requests for injunctive relief. Plaintiff's remedy, if any, lies with the state-court appellate process, not this Court.

## II.     Plaintiff's § 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal

4

statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under Section 1983, a plaintiff must allege two essential elements:  "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

      A.      *Plaintiff's Claims against the District Attorney Defendants*

The doctrine of absolute immunity applies broadly to shield a prosecutor from liability for money damages in Section 1983 suits brought against prosecutorial actions that are intimately associated with the judicial phase of the criminal process and their role as advocates. *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) (citing *Imbler v. Pachtman,* 424 U.S. 409, 428, 430 (1976)); *Anilao v. Spota*, 27 F.4th 855, 863 (2d Cir. 2022).  Plaintiff appears to bring his claim against the District Attorney Defendants because they are prosecuting the criminal action against Plaintiff and requested that he be remanded to Rikers Island.  Compl. at 4.  The decision of a District Attorney to prosecute or not prosecute an action is an act courts definitively associate with the judicial phase of the criminal process.  *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case.'") (quoting *Imbler,* 424 U.S. at 431).  Thus, the District Attorney defendants are absolutely immune from liability.  Accordingly, Plaintiff's Section 1983 claims are dismissed against Eric Gonzalez, the Brooklyn District Attorney, and Assistant District Attorney Longobardi.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  *Plaintiff's Claims Against the Private Parties*

The Constitution regulates only the conduct of government actors and not that of private parties. *See Ciambriello v. Cnty. of Nassau,* 292 F.3d 307, 323 (2d Cir. 2002) (citing *Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982)). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of Section 1983. *See Am. Mfrs.*, 526 U.S. at 50 (quotations omitted); *cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'") (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)).

For Plaintiff to succeed on his Section 1983 complaint, he must first establish that the conduct of the named Defendant is "fairly attributable to the State." *Am. Mfrs.*, 526 U.S. at 50. In other words, for Plaintiff to show that his constitutional rights have been violated, he must first establish that the challenged conduct constitutes "state action." *See Ciambriello,* 292 F.3d at 323 (*citing United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295–96 (2d Cir. 1991)). Private individuals who are not state actors may nonetheless be liable under Section 1983 if they have conspired with or engaged in joint activity with state actors. *Anilao v. Spota,* 340 F. Supp. 3d 224, 254 (E.D.N.Y. 2018), *aff'd,* 27 F.4th 855 (2d Cir. 2022) ("When the private actor takes a more active role, however, and jointly engages in action with state actors, he will be found to be a state actor.").

Plaintiff's Section 1983 claim against the Defendants Salamon and Hubbard Estates fails because David and Shifra Salamon are private individuals, and Plaintiff has not plausibly pled

6

they were acting under the color of state law. *Washington v. Williams*, No. 19-cv-00289, 2019 WL 1876787, at *3 (E.D.N.Y. Apr. 26, 2019) ("Plaintiff has not alleged that the Private Individual Defendants were acting under color of state law when they allegedly deprived Plaintiff of her constitutional rights. Accordingly, Plaintiff's section 1983 claims against the Private Individual Defendants are dismissed for failure to state a claim upon which relief may be granted."). Moreover, Hubbard Estates is a private corporation and Plaintiff has failed to plead plausibly that it conspired with or engaged in joint activity with state actors. *See Azkour v. Bowery Residents Comm.*, Inc., 646 F. App'x 40, 41 (2d Cir. 2016) (affirming dismissal of Section 1983 claim because defendant was a private entity, not a state actor). Accordingly, Plaintiff's Section 1983 claims are dismissed against David Salamon, Shifra Salamon, and Hubbard Estates. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

    C.    *Plaintiff's Claims Against the John and Jane Doe Defendants*

In order to state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). "To hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020); *Smart v. Annucci*, No. 19-cv-7908, 2021 WL 260105, at *5 (S.D.N.Y. Jan. 26, 2021). Plaintiff names John Doe Detectives and John and Jane Doe Defendants 1–20. Compl. at 1. However, Plaintiff does not allege any facts showing possible wrongdoing on the

7

part of Defendants. As to the John Doe Detectives, Plaintiff simply notes they arrested him. *Id*. at 3. As to the John and Jane Doe 1-20 Defendants, Plaintiff presents no facts at all regarding these Defendants. *See id*. at 3–4. Accordingly, Plaintiff's Section 1983 claims against the John Doe Detectives and the John and Jane Doe Defendants 1–20 are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  Leave to Amend

In light of Plaintiff's *pro se* status, he is granted 30 days from the date of this memorandum and order to file an amended complaint. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir.2010) ("A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal brackets and quotation marks omitted); *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir.2000) ("Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim.") (internal quotation marks and citation omitted). Plaintiff is advised that should he elect to file an amended complaint he must plead sufficient facts to allege a violation of his constitutional or federal rights and comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that [he] is entitled to relief." Plaintiff must name individuals who have some personal involvement in the action he alleges in the amended complaint as defendants. *See Iqbal,* 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution."). For each Defendant named, the statement of facts should include a

8

brief description of what each Defendant did or failed to do and how those acts or omissions caused plaintiff injury. He should also state the relief he seeks.

Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order and must be filed within thirty days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so Plaintiff must include all allegations he wishes to pursue against a Defendant in the amended complaint. If Plaintiff does not file an amended complaint within the time allowed, judgment shall enter, and this case shall be closed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. If Plaintiff fails to file an amended complaint within thirty days from the date of this Order, judgment shall enter, and this case shall be closed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
May 1, 2023